WARE & HARPER *v.* MYRICK BROTHERS.

An allegation that the plaintiffs, as brokers and sales-agents, had effected a trade for a certain pool-room and near-beer saloon at 170 Edgewood Avenue, in the City of Atlanta, was not supported by proof that the plaintiffs had procured a purchaser willing, ready, and able to buy, provided the business of selling near beer and conducting a pool-room at that place was not, upon the re-establishment of the zone within

which such business could legitimately be conducted, excluded from such zone, when the evidence showed that 170 Edgewood Avenue was not within the zone within which the business referred to could be conducted after the re-establishment of the district or territory where such a business would be lawful. The evidence of the plaintiffs failed to support the essential allegation of the petition, and a nonsuit was properly directed.

JULY 19, 1913.

Complaint. Before Judge Pendleton. Fulton superior court. April 24, 1912.

*Moore & Pomeroy* and *W. W. Hood,* for plaintiffs.

BECK, J. Ware & Harper, a firm, alleging that they were engaged in the brokerage and commission business for the sale of real estate and "business propositions," brought suit against Myrick Brothers, alleging, in the first count, that the defendants, "about the 19th day of May, 1911," placed with petitioners for sale a certain near-beer saloon and pool-room on Edgewood Avenue, being then operated by Myrick Brothers, agreeing to pay petitioners the sum of $200 upon finding a purchaser therefor; that during the agency they found a person able, willing, and ready to purchase, and who actually purchased said property in accordance with said contract; and that petitioners' commissions were therefore earned. In the second count it is alleged, that, on or about the date above named, petitioners procured and interested a proposed purchaser, one S. E. Dunn, for a certain near-beer saloon and pool-room owned by the defendants, located on Edgewood Avenue, in the City of Atlanta; that the defendants accepted the benefits of the services of petitioners in the matter, and sold said saloon and pool-room to the purchaser found by petitioners; and that the defendants thereby became liable for the value of such services, to wit, $200. After hearing the evidence the court granted a nonsuit, and the plaintiffs excepted.

The grant of a nonsuit was unquestionably right. The evidence introduced by plaintiffs shows that they did procure a purchaser for the fixtures and stock of defendants' pool-room and near-beer saloon located at 170 Edgewood Avenue. The fixtures and stock here referred to are what are referred to in the contract as the "business proposition" for which the plaintiffs were to find a purchaser. But while they found a purchaser for this "business proposition" at 170 Edgewood Avenue, according to the evidence "it was understood that if the license at 170 Edgewood Avenue could

not be renewed, there would be no sale." The "zone" within which near beer could be sold was re-established, and did not include 170 Edgewood Avenue; and consequently, as agreed with Dunn, the proposed purchaser, the sum of $100, which he had paid to bind the trade, was returned to him in accordance with the understanding that if the near-beer "zone" should be so restricted as not to include 170 Edgewood Avenue the sale should not be consummated. All negotiations for the sale of the near-beer saloon and pool-room in the place where Myrick Brothers were conducting the business at the time they entered into the contract with Ware & Harper, to wit, at 170 Edgewood Avenue, were terminated. And, according to the evidence introduced by the plaintiffs themselves, when the $100 which had been paid to Ware & Harper to bind the trade was returned to Dunn, Myrick Brothers did not have a lease on the property at 142 Edgewood Avenue. There was no trade pending and the relations of the proposed purchaser with Ware & Harper ceased when the money was returned to Dunn and he then abandoned all idea of purchasing the property. Subsequently Myrick Brothers, it seems, did lease a room or store at 142 Edgewood Avenue, and moved the furniture and other personal property which they had sought to sell through Ware & Harper from 170 Edgewood Avenue to 142 Edgewood Avenue. Some time after the trade between Ware & Harper and Dunn had been finally abandoned, one of the firm of Myrick Brothers sent for Dunn and asked him if he would consider a trade at 142 Edgewood Avenue, to which Dunn replied in the affirmative; and a trade was agreed upon and the purchase-price fixed. Ware & Harper did not have anything to do with this last transaction.

There is nothing in the evidence tending to establish the allegations in the petition that the plaintiffs had sold the near-beer saloon and pool-room at 170 Edgewood Avenue. There was a conditional sale of this "business proposition," as it is termed in the contract; but the evidence for the plaintiffs shows that the contingency, upon the happening of which the trade was to be declared non-effective, actually happened. In brief, the plaintiffs undertook to handle for sale a "business proposition" at 170 Edgewood Avenue, and they did not handle it. The sale of the same physical property at 142 Edgewood Avenue was an entirely different proposition from that which they had undertaken to sell for the defendants.      *Judgment affirmed. All the Justices concur.*